# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 9/14/2021 9:30 AM - 9:30 AM
Courtroom Number: 2301
Location: District 1 Court
Cook County, IL
Atty. No. 41106

FILED
5/14/2021 3:10 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02395

13350454

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT- CHANCERY DIVISION**

PAUL QUAGLIA,                                          )
on behalf of Plaintiff and the                        )
class members described herein,                       )
and PEOPLE OF THE STATE OF                            )
ILLINOIS ex rel. PAUL QUAGLIA,                        )
                                                      )
                      Plaintiffs,                      )          2021CH02395
                                                      )
               v.                                     )
                                                      )
NS193, LLC;                                           )
SN SERVICING CORPORATION;                             )
and McCALLA RAYMER                                    )
LEIBERT PIERCE, LLC;                                  )
                                                      )
                      Defendants.                      )

**COMPLAINT (PETITION) – CLASS ACTION**
**AND PRIVATE ATTORNEY GENERAL ACTION**

1.      Plaintiffs Paul Quaglia and People of the State of Illinois ex rel. Paul Quaglia bring

this action against Defendants NS193, LLC ("NS193"), SN Servicing Corporation ("SN"), and

McCalla Raymer Leibert Pierce, LLC ("MRLP") to secure redress for unlawful attempts to collect

debts from Plaintiff and others.

## PARTIES

### Plaintiff

2.      Plaintiff Paul Quaglia is an individual who resides in a home which he owns in

Westmont, Illinois.

### Defendant NS193

3.      Defendant NS193 is a limited liability company organized under Delaware law. Its

registered agent and office is The Corporation Trust Company, Corporation Trust Center, 1209

Orange St., Wilmington, DE 19801.

4.      Defendant NS193 is engaged in the sole or principal business of liquidating mortgage

debts that it acquires, or claims to acquire, for a few cents on the dollar.

FILED DATE: 5/14/2021 3:10 PM 2021CH02395

5.      Upon information and belief, almost all of Defendant NS193's resources are devoted to such business.

6.      Upon information and belief, almost all of Defendant NS193's revenue is derived from such business.

7.      Upon information and belief, almost all of Defendant NS193's expenses are related to such business.

8.      At no time has NS193 held a license from the state of Illinois to act as a residential mortgage licensee (Appendix A) or collection agency (Appendix B).

**Defendant SN Servicing Corporation**

9.      Defendant SN Servicing Corporation ("SN") is a corporation chartered under Alaska law. It has offices at 323 5th Street, Eureka, CA 95501, and 13702 Coursey Blvd., Bldg. 1, Baton Rouge, LA 70817. It does business in Illinois. Its registered agent and office is Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703.

10.     SN is a "special servicer" of mortgage loans. A "special servicer" is mortgage industry jargon for one that services nonperforming loans rather than current loans.

11.     SN states on its web site (https://www.snsc.com/About.aspx) that "Headquartered in Baton Rouge, Louisiana, with its main loan servicing operational center located in Eureka, California, the Company has a servicing portfolio of over 26,000 residential, commercial, consumer and unsecured loans sourced from a wide variety of financial institutions, with a substantial portion in under-performing and non-performing residential mortgage loans."

12.     SN regularly services loans owned by others which are in default at the time SN first becomes involved with them.

13.     SN uses the mails and telephone system in conducting business.

14.     SN is a debt collector as defined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

FILED DATE: 5/14/2021 3:10 PM 2021CH02395

**Defendant McCalla Raymer**

15.     Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP") is a law firm organized as a Georgia limited liability company with its principal place of business at 1544 Old Alabama Road, Roswell, GA 30076.  It does business in Illinois and has offices at 1 N. Dearborn Street, Suite 1200, Chicago, IL 60602.  Its registered agent  and office Is C T Corporation  System, 208 S.  LaSalle St., Suite 814, Chicago, IL 60604.   It is one of the largest filers of foreclosure and deficiency actions in Illinois.  During 2019 it filed over 1,000 such actions in Cook County alone.

16.     MRLP has a website which states:

a.      "McCalla Raymer Leibert Pierce assists financial institutions and consumer-facing businesses with the collection of their delinquent accounts." (https://www.mccalla.com/practice-areas/consumer-collections/)

b.     MRLP "represents lenders, servicers, and investors in non-judicial and judicial foreclosures across it's thirteen state footprint of Alabama, California, Connecticut, Florida, Georgia, Illinois, Mississippi, Nevada, New Jersey, New York, Oregon, Texas and Washington. With proprietary technology, and full-service brick and mortar offices in all states, the Firm is uniquely positioned to adjust to changing circumstances while servicing each client's specific needs." (https://www.mccalla.com/practice-areas/foreclosure-title-clearance/)

17.     MRLP uses the mails and telephone system to conduct business.

18.     MRLP is a debt collector as defined in the FDCPA.

## FACTS

19.     Defendants, acting in concert, have been attempting to collect from Plaintiff Paul Quaglia a debt consisting of  a residential second mortgage loan  used for personal, family or household purposes (housing) and not for business purposes.

20.     Defendant NS193, LLC claims to own the loan.

21.     Defendant SN claims to be the servicer.

22.     Defendant MRLP is attorney for NS193 and SN.  It claims to have been retained

-3-

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

by SN, and that SN is the agent of NS193.

23.     The acts of MRLP complained of herein are attributable to SN.

24.     On or about May 8, 2020, SN sent Plaintiff a set of notices (Appendix C) stating that it was acting for "BCMB1 Trust."

25.     Plaintiff had not heard of such entity and disputed the debt. (Appendix D)

26.     On May 15, 2020, SN caused to be sent to Plaintiff a purported "notice of debt" (Appendix E) stating that it was acting for "BCMB1 Trust."

27.     On information and belief, "BCMB1 Trust" was not the current creditor or owner of any debt allegedly owed by Plaintiff.

28.     On information and belief, based on the markings on the letter, Appendix E was in fact sent to Plaintiff by a letter vendor.

29.     On May 29, 2020, SN caused to be sent to Plaintiff a letter claiming that it was acting for "BCMB1 Trust." (Appendix F)

30.     On June 3, 2020, SN sent Plaintiff the letter in Appendix G.

31.     On information and belief, based on the markings on the letter, Appendix G was in fact sent to Plaintiff by a letter vendor.

32.     On July 9, 2020, SN prepared a statement demanding payment on behalf of NS193. (Appendix H)

33.     On July 13, 2020, SN sent Plaintiff a notice demanding payment on behalf of NS193. (Appendix I) On information and belief, the July 9, 2020 statement was enclosed with it.

34.     On September 4, 2020, SN sent Plaintiff a notice demanding payment on behalf of NS193. (Appendix J)

35.     On September 22, 2020, SN sent Plaintiff a notice demanding payment on behalf of NS193. (Appendix K)

36.     On May 6, 2021, MRLP caused the letter in Appendix L, threatening foreclosure and demanding payment, to be sent to Plaintiff.

FILED DATE: 5/14/2021 3:10 PM  2021CH02395

37.     On information and belief, based on the markings on the letter, Appendix L was in fact sent to Plaintiff by a letter vendor.

## COUNT I – PRIVATE ATTORNEY GENERAL CLAIM AGAINST NS193

38.     Plaintiff People of the State of Illinois ex rel. Paul Quaglia incorporates paragraphs 1-37.

39.     Plaintiff People of the State of Illinois ex rel. Paul Quaglia  brings this action to secure injunctive relief against unlicensed and illegal collection activities engaged in by Defendant NS193, in violation of the Illinois Collection Agency Act, pursuant to 225 ILCS 425/14a.

40.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

41.     A "collection agency" is defined in 225 ILCS 425/2 as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in the collection of a debt."

42.     "Debt" is defined in 225 ILCS 425/2 to mean "money, property, or their equivalent which is due or owing or alleged to be due or owing from a person to another person."

43.     Prior to January 1, 2008, 225 ILCS 425/3(d) was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

44.     By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as NS193 who buy charged-off debts for their own account.

45.     Additionally, 225 ILCS 425/8.5 states that "A debt buyer shall be subject to all

-5-

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act." (Section 8.6 exempts debt buyers from requirements relating to surety bonds, trust accounts, and written authorization for legal action.)

46.    "Debt buyer" is defined in 225 ILCS 425/2 as "person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt."

47.    NS193 is a "collection agency" and a "debt buyer" as defined in the ICAA.

48.    225 ILCS 425/3(d) brings debt buyers within the purview of the ICAA by providing that "A person acts as a collection agency when he, she, or it: . . . (d) Buys accounts, bills or other debt . . ."

49.    Section 4 of the ICAA, 225 ILCS 425/4, provides:

Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, *exercise the right to collect*, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois. (Emphasis added)

50.    Filing a lawsuit to collect a debt is to "exercise the right to collect." *LVNV Funding, LLC v. Trice,* 2015 IL 116129, ¶22-25, 32 N.E.3d 553. So is demanding payment and threatening to file suit in an Illinois court. The ICAA expressly regulates litigation by "collection agencies." ICAA §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b.

51.    225 ILCS 425/14a provides:

Unlicensed practice; Injunctions. [Repealed January 1, 2026]

The practice as a collection agency by any person not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Secretary, the Attorney General, the

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

State's Attorney of any county in the State, or *any person* may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of non-licensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act. (Emphasis added)

52.     Defendant NS193 engaged in the practice of a collection agency without a valid and current license under the Collection Agency Act or the Residential Mortgage License Act.

WHEREFORE, the Court should enter an order:

       i.      Enjoining Defendant NS193 from engaging in collection activities with respect to Illinois consumers;

      ii.     Awarding attorney's fees, litigation expenses and costs;

     iii.    Awarding such other and further relief as is proper.

## COUNT II – FAIR DEBT COLLECTION
## PRACTICES ACT – INDIVIDUAL CLAIM

53.     Plaintiff incorporates paragraphs 1-37.

54.     This claim is against SN.

55.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

56.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

-7-

FILED DATE: 5/14/2021 3:10 PM 2021CH02395

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

57.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

58.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

59.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

60.     SN violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10) and 1692g by misrepresenting in Appendix C, Appendix E, and Appendix F that it was acting for "BCMB1 Trust" and that such entity owned the loan.

61.     Section 1692e provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of—

    (A)     the character, amount, or legal status of any debt; . . .

(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

62.     Section 1692g provides:

-8-

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

§ 1692g.  Validation of debts

(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

*§§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

      i.      Statutory damages (15 U.S.C. §1692k);

      ii.     Attorney's fees, litigation expenses and costs of suit (15 U.S.C. §1692k);

      iii.    Such other and further relief as the Court deems proper.

### COUNT III – FAIR DEBT COLLECTION PRACTICES ACT – INDIVIDUAL CLAIM

63.    Plaintiff incorporates paragraphs 1-37.

64.    This claim is against SN.

65.    SN violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4) and 1692e(5) by threatening foreclosure, in Appendix K, on behalf of an unlicensed debt buyer, NS193, and by causing MRLP to make similar threats in Appendix L.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant SN for:

      i.      Statutory damages (15 U.S.C. §1692k);

      ii.     Attorney's fees, litigation expenses and costs of suit (15 U.S.C. §1692k);

      iii.    Such other and further relief as the Court deems proper.

### COUNT IV – CLASS FDCPA CLAIM

66.    Plaintiff incorporates paragraphs 1- 37.

67.    This claim is against SN and MRLP.

68.    In order to have the letter vendor send Plaintiff the letters in Appendix E and

-10-

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

Appendix G, Defendant SN had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

69.     Similarly, in order to have the letter vendor send Plaintiff the letters in Appendix L, Defendant MRLP had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

70.     The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

71.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

72.     The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

73.     The communications by Defendants SN and MRLP to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

74.     Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

75.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

76.     The letter vendors used by Defendants SN and MRLP as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C.

FILED DATE: 5/14/2021 3:10 PM    2021CH02396

§1692c(b).

77.      Due to the communication of Defendants SN and MRLP to the letter vendors, information about Plaintiff is within the possession of an unauthorized third-party.

78.      If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

79.      Defendants SN and MRLP unlawfully communicate with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

80.      In its reckless pursuit of a business advantage, Defendants disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

81.      Defendants SN and MRLP violated 15 U.S.C. §1692c(b) when they disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

82.      Defendants SN and MRLP violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## **CLASS ALLEGATIONS**

83.      Plaintiff brings this claim on behalf of two classes.

84.      The SN class consists of (a) all individuals in Illinois (b) with respect to whom

-12-

SN had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

85.     The MRLP class consists of (a) all individuals in Illinois (b) with respect to whom MRLP had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

86.     Plaintiff may alter the class definitions to conform to developments in the case and discovery.

87.     On information and belief, based on the size of Defendants' business operations and the use of form letters, there are more than 40 members of each class, and each class is so numerous that joinder of all members is not practicable.

88.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendants' practice as described above violates the FDCPA.

89.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

90.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible;

    b.     Members of the class are likely to be unaware of their rights;

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

-13-

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants SN and MRLP for:

 i. Statutory damages for Plaintiff of $1,000 (15 U.S.C. §1692k);

 ii. Statutory damages for the class of $500,000 or 1% of each Defendant's net worth, whichever is less (15 U.S.C. §1692k);

 iii. Attorney's fees, litigation expenses and costs of suit (15 U.S.C. §1692k);

 iv. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Carly M. Cengher (ARDC 6334371)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com
Atty. No. 41106 (Cook)

T:\37887\Pleading\Complaint_Pleading.WPD

-14-

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

-15-

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned certifies that the statements set forth in Count I (including incorporated paragraphs) of this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_/s/ Daniel A. Edelman_
Daniel A. Edelman

-16-

Return Date: No return date scheduled
Hearing Date: 9/14/2021 9:30 AM - 9:30 AM
Courtroom Number: 2301
Location: District 1 Court
       Cook County, IL

FILED
5/14/2021 3:10 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02395

13350454

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

# APPENDIX A

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

5/13/2021                                                        eLicense Online

| | Name | License Status | Credential | City/State | Original Issue Date | Current Expiration Date | Ever Disciplined | DBA / AKA |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

No records found for the criteria entered.

## Search for a License

Search Criteria

** License Type:

```
COLLECTION AGENCY
COMM ASSOC MGR
COSMO
COUNSELOR, PROF
DENTAL
```

License Status:

License Number:

Legal Business Name:

ns193

Doing Business As:

First Name:

Last Name:

City:

5/13/2021                                                eLicense Online

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

State:

| Name | License Status | Credential | City/State | Original Issue Date | Current Expiration Date | Ever Disciplined | DBA / AKA |
|------|----------------|------------|------------|---------------------|--------------------------|------------------|-----------|
| No records found for the criteria entered. | | | | | | | |

## Current Filters

[ Search ]  [ Clear Form ]

**Legal Business Name:** ns193
**License Type:** COLLECTION AGENCY

# More Online Services

## License Lookup

Lookup a License (/Lookup/LicenseLookup.aspx)

# About Us

*The Illinois Department of Financial and Professional Regulation's mission is:*
**To Protect the Residents of Illinois**
**To Ensure the Safety and Soundness of Financial Institutions**
**To Ensure that Competent Professionals are Licensed to Provide Services to the Public**
**To Enhance Commerce in the State for the Benefit of all its Residents**

*To learn more about the agency mission and strategic vision please click **here***
**(http://www.idfpr.com/About/About.asp)**.

# Contact Us

**Find us at:**
*Illinois Department of Financial & Professional Regulation*
*100 West Randolph, 9th Floor*

5/13/2021                                eLicense Online

Chicago, IL 60601
AND
320 W. Washington, 3rd Floor

| Name | License Status | Credential | City/State | Original Issue Date | Current Expiration Date | Ever Disciplined | DBA / AKA |
|------|---------------|-----------|-----------|--------------------|------------------------|------------------|-----------|
| No records found for the criteria entered. | | | | | | | |

Springfield, IL 62786


📞  1-800-560-6420
TTY: 1-866-325-4949
📠  Fax: 1-217-524-0142

Copyright © 1997-2021 Iron Data Solutions All Rights Reserved

Financial & Professional Regulation (http://www.idfpr.com/default.asp)

State of Illinois (http://www.illinois.gov/) | Illinois Privacy Information (https://www.illinois.gov/Pages/Privacy.aspx) | Accessibility (http://www.dhs.state.il.us/page.aspx?item=32765) | Contact IDFPR (http://www.idfpr.com/contact.asp)

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

# APPENDIX B

5/13/2021       MB - Mortgage Banking Licensee List

**MB - Mortgage Banking Licensee List**
Creates Mortgage Banking Licensee List for OBRE Website

**Filtered By**
None

5/3/2021 at 8:18:01 AM

| Credential Number | Credential Status | Main Address | Main Contact | Original Date | Expiration Date | Activity Description |
|---|---|---|---|---|---|---|
| MB.6761332 | ACTIVE IN RENEWAL | NORTHSTAR FUNDING INC. 15 Wilkinson Avenue Building B, Floor 2, Unit 2 B-3 Jersey City, NJ 07305 | NORTHSTAR FUNDING INC 800-921-4858 jpies@nshomefunding.com | 04/25/2018 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6850050 | ACTIVE | Norwich Commercial Group, Inc. Philip DeFronzo 38 Security Drive Avon, CT 06001 | Norwich Commercial Group, Inc. 860-676-8003 jeremy.potler@norcom-usa.com | 03/03/2015 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760764 | ACTIVE | Nova Financial & Investment Corporation Zenen Salazar 6245 E. Broadway Blvd, Ste. #400 Tucson, AZ 85711 | Zenen Salazar 520-745-4050 zenen.salazar@novahomeloans.com | 07/16/2010 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761251 | ACTIVE IN RENEWAL | NP, INC. 4800 N Federal Hwy Bldg E Ste 200 Boca Raton, FL 33431 | NP, INC. 561-886-0300 phil@usmtgfi.com | 06/02/2017 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760774 | ACTIVE | NVR Mortgage Finance, Inc. 555 Southpointe Boulevard 3rd Floor Canonsburg, PA 15317 | NVR Mortgage Finance, Inc. 724-743-5400 gsarver@nvrinc.com | 09/16/2010 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760896 | ACTIVE IN RENEWAL | NW HomeStart Inc 27 W. Stephenson Street Freeport, IL 61032 | NW HomeStart Inc 815-515-8168 stephanier@nwhomestart.org | 06/12/2012 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761037 | ACTIVE IN RENEWAL | NWL Company, LLC Matthew Yoon Worldwide Plaza, 309 West 49th Street New York, NY 10019-7316 | NWL Company, LLC 212-667-9000 matthew.yoon@dentons.com | 05/22/2014 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761385 | ACTIVE IN RENEWAL | Oaktree Funding Corp David Scott 1298 W. 7th Street Upland, CA 91786 | Oaktree Funding Corp 909-982-5945 david@oaktreefunding.com | 12/11/2018 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760730 | ACTIVE IN RENEWAL | Oceanside Mortgage Company 55 Main St Toms River, NJ 08753 | David Stone (609) 971-8500 sstone@oceansidemortgage.net | 03/24/2010 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6759942 | ACTIVE | OCMBC, INC. 14351 Myford Road Suite 200 Tustin, CA 92780 | Lina Colon (714) 474-2960 | 10/26/2005 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761458 | ACTIVE | Ocwen USVI Services LLC Mable Scarlett William D. Roebuck Industrial Park St. Croix, VI 00850 | Ocwen USVI Services LLC 800-746-2936 mable.scarlett@ocwen.com | 01/15/2020 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.0003114 | ACTIVE IN RENEWAL | Olympus Mortgage, Inc. 1144 Lake St. Suite 208 Oak Park, IL 60301 | Michael Szala (708) 445-0140 mszala@aol.com | 01/15/1992 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760285 | ACTIVE IN RENEWAL | On Q Financial, Inc. 615 S River Dr Suite 170 Tempe, AZ 85281 | John Bergman (480) 444-7100 john.bergman@onqfinancial.com | 02/22/2007 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760633 | ACTIVE IN RENEWAL | One Republic, Inc. 725 E Dundee Rd Suite 201 Arlington Heights, IL 60004 | Barry Jilin (847) 850-7335 | 11/18/2008 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760594 | ACTIVE | One Reverse Mortgage, LLC 660 Woodward Avenue Suite 1527 Detroit, MI 48226 | One Reverse Mortgage, LLC 313-373-4819 dawnamiddy@onereverse.com | 08/11/2008 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761023 | ACTIVE IN RENEWAL | Onslow Bay Financial LLC Ronald Jordan 751 West Fourth Street Winston-Salem, NC 27101 | Onslow Bay Servicing LLC (646) 728-7992 asimmons@annaly.com | 02/28/2014 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761411 | ACTIVE | OnTime Mortgage Inc. 845 Midway Drive Suite 1 Willowbrook, IL 60527 | OnTime Mortgage Inc. 630-257-7777 kevin@ontimemtg.com | 04/01/2019 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6850035 | ACTIVE IN RENEWAL | OnY Glo, Inc. Judy Oh 3250 Wilshire Blvd. #1600 Los Angeles, CA 90010 | OnY Glo, Inc. 213-739-4332 Corporate@onyglo.com | 05/06/2014 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6759829 | ACTIVE | Open Mortgage LLC 14101 W Hwy 290 - #1300 Austin, TX 78737 | Laura Kardow (512)858-9696 Flash@penmtg.com | 07/11/2005 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761389 | ACTIVE | Optimal Mortgage Co 7300 Randolph St Forest Park, IL 60130 | Optimal Mortgage Co 773-319-7584 paredesmtg@gmail.com | 12/31/2018 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761390 | ACTIVE IN RENEWAL | OPTIMUM FIRST INC Matthew Dohman 8900 Warner Avenue Fountain Valley, CA 92708 | OPTIMUM FIRST INC 714-415-3203 info@optimumfirst.com | 02/08/2019 | 12/31/2020 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761481 | ACTIVE | OptionWide Financial Corporation Janice Ramocinski 575 Anton Boulevard #830 Costa Mesa, CA 92626 | OptionWide Financial Corporation 949-401-5900 janice.ramocinski@optionwide.com | 05/20/2020 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6760348 | ACTIVE | Pacific One Mortgage, Inc. 11312 Distinctive Drive Orland Park, IL 60467 | Pacific One Mortgage, Inc. 708-217-6969 czabat32@comcast.net | 05/16/2007 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |
| MB.6761434 | ACTIVE | Pacific Residential Mortgage LLC Eric Wiley 4949 Meadows Road, Suite 150 Lake Oswego, OR 97035 | Pacific Residential Mortgage LLC 503-699-5626 chris.mason@pacresmortgage.com | 08/15/2019 | 12/31/2021 | Brokering Activi Originating Activi Purchasing Activi Servicing Activity |

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

# APPENDIX C



**SERVICING CORPORATION**
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

May 8, 2020

PAUL QUAGLIA

RE:  **New Loan Number:**
    Old Loan Number: 3
    Collateral:

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Dear Customer:

The notice, which follows, is intended to inform you that the servicing of your mortgage loan has been assigned, sold or transferred. If the above-referenced loan is a closed-end, first lien, 1-4 unit residential (e.g., homes, condominiums, cooperative units and mobile homes) mortgage loan, this notice is being provided to you under Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2605). When a state law requires this notice, this notice is being provided to you under state law. When neither Section 6 of RESPA nor state law requires this notice, this notice is being provided to you for your information.

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned, sold or transferred from Veripro Solutions Inc to SN Servicing Corporation for BCMB1 Trust, effective April 27, 2020.

The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Veripro Solutions Inc, PO Box 3572, Coppell, TX 75019. If you have any questions relating to the transfer of servicing from your present servicer call Customer Service at (888) 967-9700 Monday through Friday between 8:00 a.m. and 5:00 p.m. Central Time. This is a toll-free number.

Your new servicer will be **SN Servicing Corporation.**

The correspondence address for your new servicer is SN Servicing Corporation, 323 Fifth St, Eureka, CA 95501.

The toll-free telephone number of your new servicer is (800) 603-0836. If you have any questions relating to the transfer of servicing to your new servicer call Tabitha Lopez at (800) 603-0836 Monday through Friday between 8:00 a.m. and 5:00 p.m. Pacific Time. You may access your account and make payments via our secure website at https://borrower.snsc.com.

The date that your present servicer will stop accepting payments from you is April 26, 2020. The date that your new servicer will start accepting payments from you is April 27, 2020. Send all payments on or after April 27, 2020 to your new servicer.

Make your payments payable to:    SN Servicing Corporation

FILED DATE: 5/14/2021 3:10 PM  2021CH02395



PAUL QUAGLIA

RE: **New Loan Number:**
    Old Loan Number:
    Collateral:

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Dear Customer:

The notice, which follows, is intended to inform you that the servicing of your mortgage loan has been assigned, sold or transferred. If the above-referenced loan is a closed-end, first lien, 1-4 unit residential (e.g., homes, condominiums, cooperative units and mobile homes) mortgage loan, this notice is being provided to you under Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2605). When a state law requires this notice, this notice is being provided to you under state law. When neither Section 6 of RESPA nor state law requires this notice, this notice is being provided to you for your information.

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned, sold or transferred from Veripro Solutions Inc to SN Servicing Corporation for BCMB1 Trust, effective April 27, 2020.

The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Veripro Solutions Inc, PO Box 3572, Coppell, TX 75019. If you have any questions relating to the transfer of servicing from your present servicer call Customer Service at (888) 967-9700 Monday through Friday between 8:00 a.m. and 5:00 p.m. Central Time. This is a toll-free number.

Your new servicer will be **SN Servicing Corporation**.

The correspondence address for your new servicer is SN Servicing Corporation, 323 Fifth St, Eureka, CA 95501.

The toll-free telephone number of your new servicer is (800) 603-0836. If you have any questions relating to the transfer of servicing to your new servicer call Tabitha Lopez at (800) 603-0836 Monday through Friday between 8:00 a.m. and 5:00 p.m. Pacific Time. You may access your account and make payments via our secure website at https://borrower.snsc.com.

The date that your present servicer will stop accepting payments from you is April 26, 2020. The date that your new servicer will start accepting payments from you is April 27, 2020. Send all payments on or after April 27, 2020 to your new servicer.

Make your payments payable to:     **SN Servicing Corporation**

Mail your payments to:     **SN Servicing Corporation**
                           **PO BOX 660820**
                           **DALLAS, TX 75266-0820**

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance in the following manner: SN Servicing Corporation will **not** continue to accept your insurance payments as a part of your monthly loan payment nor will it be responsible for the continuation of any such optional insurance coverage. You should take the following action to maintain coverage: contact your optional insurance carrier immediately for instructions on how to continue such optional insurance coverage.

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address: SN Servicing Corporation, 323 Fifth St, Eureka, CA 95501.

Not later than 30 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 30-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose. However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

*NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:* Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

*SN Servicing Corporation for BCMB1 Trust*
Customer Service Department

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

 **SERVICING CORPORATION**
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

May 8, 2020

PAUL QUAGLIA

RE: **New Loan Number:**
     Old Loan Number:
     Collateral:

As stated in previous correspondence, the servicing of your mortgage loan has been transferred from Veripro Solutions Inc to SN Servicing Corporation for BCMB1 Trust effective April 27, 2020

If your loan is secured by real estate, please contact your insurance carrier to have the mortgagee clause changed to the following:

**SN Servicing Corp
ISAOA ATIMA
P.O. Box 35
Eureka, CA 95502**

Please have your insurance carrier forward a copy of your insurance policy with the mortgagee clause change to our Escrow Department at the address shown above. If your property is located in a flood hazard zone, which starts with an "A" or "V", we will also require a copy of your flood insurance policy.

If you or your insurance carriers have any questions, please contact Tabitha Lopez at (800) 603-0836 Monday through Friday between 8:00 a.m. and 5:00 p.m., Pacific Time.

You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose. However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

*NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:* Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

**SN Servicing Corporation for BCMB1 Trust**
Escrow Department

FILED DATE: 5/14/2021 3:10 PM    2021CH02395

# APPENDIX D

FILED DATE: 5/14/2021 3:10 PM  2021CH02395

Paul Quaglia



05/22/2020

SN Servicing Corporation

323 5th Street

Eureka, CA 95501

Re: New Loan Number: ▆▆▆▆▆▆

SN Servicing Corporation,

I am responding to your contact about collecting a debt. You contacted me by mail, on 5/15/2020 and identified a debt for BCMB1 Trust in the amount of ▆▆▆▆▆ is owed. I do not have any responsibility or knowledge of the debt you are trying to collect.

If you have good reason to believe that I am responsible for this debt, mail me the documents that make you believe that. Include who the original creditor was, a copy of the last billing statement sent by the original creditor, the amount owed when you purchased the debt, the date of the last payment. I would also like to determine if you are licensed to collect debt in Illinois, please provide proof.

Stop all other communication with me and with this address, and record that I dispute having any obligation for this debt. If you stop your collection of this debt, and forward or return it to another company, please indicate to them that it is disputed. If you report it to a credit bureau (or have already done so), also report that the debt is disputed.

Thank you for your cooperation.

Sincerely,

Paul Quaglia

FILED DATE: 5/14/2021 3:10 PM   2021CH02395

# APPENDIX E

**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **23226795**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | SN Servicing Corporation |
| **Entity I.D. Number:** | 0665113 |
| **Entity Served:** | SN Servicing Corporation |
| **Title of Action:** | Paul Quaglia vs. NS193, LLC |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2021 CH02395 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 05/18/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Daniel A. Edelman
312-739-4200

**Primary Contact:**
Legal  Department
SN Servicing Corporation

**Electronic copy provided to:**
Zoe Robinson
John Clark
Allison Holland
William Fogelman
Joni Yorks

**NOTES:**
The document matches the original document as received.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.