IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL QUAGLIA, on behalf of Plaintiff and the class members described herein, and the PEOPLE OF THE STATE OF ILLINOIS ex. rel. PAUL QUAGLIA,<br><br>Plaintiffs,<br><br>v.<br><br>NS193, LLC; SN SERVICING CORPORATION; and McCALLA RAYMER LEIBERT PIERCE, LLC<br><br>Defendants. | Case No. 21cv3252<br>Honorable Charles P. Kocoras |

## PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT

Plaintiffs, Paul Quaglia and the People of the State of Illinois ex. rel. Paul Quaglia, respectfully request that the Court, pursuant to 28 U.S.C. §1447(c), remand this action to the Circuit Court of Cook County, Illinois.

The grounds for this motion are as follows:

1. The Complaint in this matter alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and state law.

2. Defendant SN Servicing Corporation ("SN") removed the action, claiming federal question jurisdiction.

3. The party invoking the jurisdiction of the District Court has the burden of establishing that all aspects of federal jurisdiction, including the satisfaction of Article III requirements, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

4. In the case of removal, the removing party – here SN – bears that burden. *Collier v.*

*SP Plus Corp.,* 889 F.3d 894 (7th Cir. 2018); *Dixon v. Washington & Jane Smith Cmty.*, 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (May 31, 2018).

5. Beginning in 2019, the Seventh Circuit has issued a number of decisions restricting Article III standing for FDCPA claims. *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.,* 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.,* 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship,* 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Global Tr. Mgmt., LLC,* 990 F.3d 1041 (7th Cir. 2021); and most recently, *Markakos v. Medicredit, Inc.,* 997 F.3d 778, 2021 U.S. App. LEXIS 14339 (7th Cir. May 14, 2021).

6. A concurring opinion in the most recent decision, *Markakos*, states that "The result of our flurry of recent decisions is that, at least in this circuit, a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another. . . . In other words, we now view the receipt of an inflated payment demand as simply 'receipt of a noncompliant collection letter.' . . ." *Markakos v. Medicredit, Inc.,* 2021 U.S. App. LEXIS 14339, *12 (Ripple, J., concurring).

7. Although 28 U.S.C. §1446(a) requires the removing party to file a notice of removal "containing a short and plain statement of the grounds for removal," SN makes no attempt to allege or point to facts showing that Article III requirements are satisfied as to any of the claims alleged.

8. None of the claims alleged in this case involves obtaining money by deceit.

9. Count II is an FDCPA claim against SN alleging that it misidentified the current

creditor or owner of a debt it was seeking to collect. This is the same violation that *Markakos* held not to satisfy Article III.

10. Count III is an FDCPA claim against SN alleging that it violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4) and 1692e(5) by threatening foreclosure on behalf of an unlicensed debt buyer, NS 193, that is not legally entitled to foreclose. This violation is similar to that held not to satisfy Article III in *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020).

11. Count I is a private attorney general claim brought in the name of the People of the State of Illinois against NS193, LLC pursuant to 225 ILCS 425/14a, which provides that "any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin" an unlicensed debt collector "from engaging in such practice." There is no requirement that the "person" filing the action in the name of the People of the State of Illinois have suffered any harm or adverse effect from the unlicensed debt collection activities, and none is alleged.

12. SN's removal petition does not address Article III at all, much less explain how it might be satisfied.

13. Any doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

14. Furthermore, if federal jurisdictional requirements are satisfied by some claims but not others, under 28 U.S.C. § 1441(c)(2), "the district court shall sever from the action all claims" that are "not within the original or supplemental jurisdiction of the district court" and "shall remand the severed claims to the State court from which the action was removed."

WHEREFORE, for the reasons stated above, Plaintiffs request this Court to remand this

matter back to Circuit Court of Cook County, Illinois.

                                        Respectfully submitted,

                                          */s/ Daniel A. Edelman*
                                          Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Cengher
**EDELMAN, COMBS, LATTURNER**
       **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

# **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on June 22, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

>	*/s/ Daniel A. Edelman*
>	Daniel A. Edelman

T:\37887\Plaintiff's MTN To Remand Action to State Court (DAE final version)_.WPD