# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL QUAGILA, on behalf of the Plaintiff and the class members described herein, and the PEOPLE OF THE STATE OF ILLINOIS ex rel. PAUL QUAGILA, <br><br> Plaintiffs, <br><br> v. <br><br> NS193, LLC; SN SERVICING CORPORATION; and MCCALLA RAYMER LEIBERT PIERCE, LLC, <br><br> Defendant. | Case No.: 1:21-cv-03252 <br><br> Judge: Honorable Charles P. Kocoras |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant, MCCALLA RAYMER LEIBERT PIERCE, LLC ("McCalla"), by its attorneys, David M. Schultz and Justin M. Penn, for its response to plaintiff's motion to remand to state court, states as follows:

1. Plaintiff's complaint, Exhibit 1 to DE#1, paragraphs 78-80, alleges that a "debtor may well be harmed" by a debt collector's communication of a debtor's private information to a letter vendor.

2. Plaintiff's motion to remand, DE#8, paragraphs 3-5, appears to take the contrary position that plaintiff here was *not* harmed by any alleged conduct of the defendant.

3. If so, plaintiff's position should be treated as an admission (and a record made of it) so that plaintiff is not allowed to deny injury or harm in one court, only to later assert it in another. *See Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248 (7th Cir. 2021) ("…if the plaintiffs change their tune in the state court, [defendants] will be able to attempt to remove again to a federal court…" (*citing* 28 U.S.C. § 1446(b)(3), (c)).

4. If not, plaintiff should be required to take a position as to whether he was harmed or not, rather than avoid the issue.

5. As this case currently sits, the Eleventh Circuit has held that a debt collector's disclosure of a plaintiff's private information to a letter vendor gives rise to a concrete injury-in-fact under Article III. *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341 (11th Cir. 2021).

6. Defendant invites this Court to distinguish *Hunstein* and hold that plaintiff's claim does not give rise to Article III standing in the Northern District of Illinois per the multiple Seventh Circuit cases cited in plaintiff's motion (among others). (DE#10 ¶ 5.)

7. The recent United States Supreme Court's decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190, at *62 n.6, (2021) appears to support this conclusion, as the Court indicated that disclosures to printing vendors may not even constitute a disclosure to a third party in the first place:

> For the first time in this Court, the plaintiffs also argue that TransUnion "published" the class members' information internally—for example, to employees within TransUnion and to the vendors that printed and sent the mailings that the class members received. That new argument is forfeited. In any event, it is unavailing. Many American courts did not traditionally recognize intra-company disclosures as actionable publications for purposes of the tort of defamation. See, *e.g., Chalkley* v. *Atlantic Coast Line R. Co.*, 150 Va. 301, 326–328, 143 S. E. 631, 638–639 (1928). Nor have they necessarily recognized disclosures to printing vendors as actionable publications. See, *e.g., Mack* v. *Delta Air Lines, Inc.*, 639 Fed. Appx. 582, 586 (CA11 2016). Moreover, even the plaintiffs' cited cases require evidence that the defendant actually "brought an idea to the perception of another," Restatement of Torts §559, Comment *a*, p. 140 (1938), and thus generally require evidence that the document was actually read and not merely processed, cf. *Ostrowe* v. *Lee*, 256 N. Y. 36, 38–39, 175 N. E. 505, 505–506 (1931) (Cardozo, C. J.).That evidence is lacking here. In short, the plaintiffs' internal publication theory circumvents a fundamental requirement of an ordinary defamation claim—publication—and does not bear a sufficiently "close relationship" to the traditional defamation tort to qualify for Article III standing.

8. In any event, contrary to what is argued in plaintiff's motion, DE#10 at paragraph 3, it is wholly irrelevant what defendants believe regarding plaintiff's Article III standing. No action of the parties can confer subject matter jurisdiction in a federal court. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). Thus, the consent of the parties is irrelevant and principles

of estoppel do not apply. *Id.* "Subject matter jurisdiction cannot be waived, forfeited, or consented to by the parties." *Fortier v. Terani Law Firm*, 732 Fed. Appx. 467, 468 (7th Cir. 2018) *citing Ins. Corp. of Ir.* at 702.

9. Until *Hunstein* is either overturned in the Eleventh Circuit, or else distinguished in the Seventh Circuit, defendants are entitled to remove this action in good faith to this Court under 28 U.S.C. §§ 1441 *et seq.* and 1446 *et seq.*

10. Like the defendant in *Colon v. Dynacast, LLC*, 2019 U.S. Dist. LEXIS 183527, *14-15 (N.D. Ill. 2019), defendants here were faced with a removal deadline that could not be extended and a situation where no clear binding authority on this issue yet existed in the Seventh Circuit. In *Colon*, the court denied costs and fees to plaintiff in a similar situation, stating:

> The decision to award costs and fees rests within the district court's discretion, and § 1447(c) imposes neither a bias in favor of fee awards nor presumption against such awards. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137-39, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). The Court will not award attorneys' fees to Plaintiff. Although there are several district court opinions in line with the Court's analysis, there is no binding authority clearly establishing that violations of BIPA's informational provisions are purely procedural. The only on-point federal appellate case is an out-of-circuit, non-precedential order, which does not clearly establish the law in this district. See *Santana*, 717 Fed. Appx. at *17. While the Seventh Circuit has addressed subject-matter jurisdiction for BIPA violations, it found standing on alternate grounds. *Miller*, 926 F.3d at 902. And, although the Court found *Miller* to be distinguishable from the instant case, that distinction was not clearly established by binding authority. See *id.* at 902-03.
>
> Moreover, Defendant's attempts to factually distinguish the case at bar from those that have been remanded are not objectively unreasonable. The complaint suggests, albeit in a conclusory and roundabout fashion, that Defendant "distributed" biometric information. As discussed above, several courts have concluded that external distribution of biometric information constitutes an injury in fact; Defendant could have believed that Plaintiff had standing based on this allegation. *E.g. Rogers*, 2019 U.S. Dist. LEXIS 151135, 2019 WL 4201570 at *2 n.3. And Defendant has not "tried to have it both ways" by simultaneously asserting that the "distributed" line in the complaint confers subject matter jurisdiction and is too conclusory to survive a 12(b)(6) motion to dismiss. See *Mocek v. Allsaints USA Limited*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016); see also generally. In sum, it was not clearly established at the time of removal that Plaintiffs lacked standing. Accordingly, Plaintiff's request for attorneys' fees is denied.

3

11. To the extent plaintiff is seeking sanctions, the request is further undermined by the fact that plaintiff's counsel has argued these claims do create Article III standing. In *Stergakos v. I.C. System, Inc.*, plaintiff's instant counsel filed a four page single spaced argument concluding:

> Because (1) § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable and (2) Congress's judgment indicates that violations of §1692c(b) constitute a concrete injury, Plaintiff has the requisite standing to sue in U.S. District Courts.

Case No, 2:21-cv-02312-GRB-AYS (EDNY), DE#11 (a copy of the Edelman firm's letter is attached hereto as Exhibit A for ease of reference). The fact that plaintiff's counsel argued that these claims create standing in other cases demonstrates that the removal was done in good faith.

WHEREFORE, defendant respectfully requests this deny plaintiff's motion to remand.

Respectfully submitted,

By: __/s/ Justin M. Penn__
One of McCalla Raymer Leibert Pierce, LLC's Attorneys

David M. Schultz
Justin M. Penn
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
dschultz@hinshawlaw.com
jpenn@hinshawlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL QUAGILA, on behalf of the Plaintiff and the class members described herein, and the PEOPLE OF THE STATE OF ILLINOIS ex rel. PAUL QUAGILA, <br><br> Plaintiffs, <br><br> v. <br><br> NS193, LLC; SN SERVICING CORPORATION; and MCCALLA RAYMER LEIBERT PIERCE, LLC, <br><br> Defendant. | Case No.: 1:21-cv-03252 <br><br> Judge: Honorable Charles P. Kocoras |

## CERTIFICATE OF SERVICE

I, Louis J. Manetti, Jr., an attorney, certify that I shall cause to be served a copy of **Defendant's Response to Plaintiff's Motion to Remand** upon the below listed individual(s), by deposit in the U.S. mail postage prepaid, before the hour of 5:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **August 3, 2021.**

| | |
|---|---|
| ☒ CM/ECF <br> ☐ Facsimile <br> ☐ Federal Express <br> ☐ Regular U.S. Mail <br> ☐ Messenger <br> ☐ E-Mail | *To All Parties of Record* |

HINSHAW & CULBERTSON LLP

Justin M. Penn
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
312/704-3966
312/704-3001 – facsimile
jpenn@hinshawlaw.com

/s/ Justin M. Penn
Justin M. Penn