# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL QUAGLIA, on behalf of Plaintiff and the class members described herein, and the PEOPLE OF THE STATE OF ILLINOIS ex. rel. PAUL QUAGLIA, <br><br> Plaintiffs, <br><br> v. <br><br> NS193, LLC; SN SERVICING CORPORATION; and McCALLA RAYMER LEIBERT PIERCE, LLC <br><br> Defendants. | Case No. 21cv3252 <br> Honorable Charles P. Kocoras |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF INSTANTER

Plaintiffs request that this Court grant him leave to file the attached Reply in Support of his Motion to Remand.

In support of this motion, Plaintiffs state:

1. The parties agreed to a briefing schedule that made Plaintiffs' reply in support of his motion to remand due on August 17, 2021.

2. Plaintiffs inadvertently missed the deadline for filing his reply due to a docketing error.

3. Plaintiff therefore requests leave to file the attached reply instanter.

4. Defendants have no objection to this motion.

Respectfully submitted,

*/s/ Tara L. Goodwin*
Tara L. Goodwin

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Carly M. Cengher (ARDC 6334371)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**

20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

  I, Tara L. Goodwin, hereby certify that on August 20, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

            */s/ Tara L. Goodwin*
            Tara L. Goodwin

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL QUAGLIA, on behalf of Plaintiff and the class members described herein, and the PEOPLE OF THE STATE OF ILLINOIS ex. rel. PAUL QUAGLIA, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 21cv3252<br>) Honorable Charles P. Kocoras |
| v. | ) |
| NS193, LLC; SN SERVICING CORPORATION; and McCALLA RAYMER LEIBERT PIERCE, LLC | )<br>)<br>) |
| Defendants. | ) |

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT**

**I.   NO PARTY ASSERTS THAT THERE IS ARTICLE III JURISDICTION OVER COUNTS I-III; THOSE CLAIMS MUST BE REMANDED**

At the outset, it is important to note that the only claims that any Defendant suggests might be within federal jurisdiction is Count IV, alleging disclosure of Plaintiff Quaglia's information to an unauthorized third party in violation of the FDCPA. The only mention of Counts I-III in Defendants' papers is a statement in SN's response (Document #:21, page 6 of 7, PageID #: 85) that "once Article III standing exists over Plaintiffs' alleged FDCPA claim, this Court should exercise supplemental jurisdiction over Plaintiffs' remaining claims under 28 U.S.C. §1367(a) because the alleged claims also arise out of Plaintiff's mortgage loan."

This is wrong. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021), holds that the party invoking federal jurisdiction "must demonstrate standing for each claim . . . and for each form of relief that they seek (for example, injunctive relief and damages)." (210 L. Ed. 2d at 588)  Section 1367(a) expressly requires that the district court "have original jurisdiction" and that the supplemental claims "form part of the same case or controversy under Article III of the United States Constitution."  Thus, the "case or controversy" requirement must be satisfied with respect to

-1-

Counts I-III. No one even suggests that it is.

Under 28 U.S.C. §1441(c):

(1) If a civil action includes—

    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

    (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)

Thus, Counts I-III must be remanded in any event.

## II. COUNT IV SHOULD BE REMANDED BECAUSE THE DEFENDANTS ARE NOT UNANIMOUS AS TO WHETHER FEDERAL JURISDICTION EXISTS

### A. Defendants Take Inconsistent Positions as to Whether Federal Jurisdiction Exists With Respect to Count IV

The only claim which any Defendant argues satisfies the "case or controversy" requirement is Count IV, alleging disclosure of Plaintiff Quaglia's information to an unauthorized third party in violation of the FDCPA.

Here, the two Defendants take inconsistent positions. SN asserts that "The Seventh Circuit has recognized that an invasion of a person's privacy rights – similar to the Plaintiffs' allegations here – is a sufficiently concrete injury to establish standing under Article III," citing several cases pre-dating *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 568 (2021). (Document #: 21 Filed: 08/03/21 Page 3 of 7 PageID #:82) Defendant McCalla, on the other hand, "invites this Court to distinguish *Hunstein* and hold that plaintiff's claim does not give rise to Article III standing . . . per the multiple Seventh Circuit cases cited in plaintiff's motion (among others)" (Document #:20 Filed: 08/03/21 Page 2 of 5 PageID #:71) and claims that *Trans Union v. Ramirez, supra,* supports its

position.

### B. It is Unclear Whether Federal Jurisdiction Exists Over Count IV

Cases are divided as to whether the type of violation alleged in Count IV is sufficiently analogous to any common law claim to satisfy Article III. Prior to the *TransUnion LLC v. Ramirez* decision, *Hunstein v. Preferred Collection Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021), thought it did satisfy Article III. A petition for rehearing has been filed and the defendant in *Hunstein* asserts that standing is no longer satisfied after *TransUnion LLC v. Ramirez*. Other decisions hold that the type of violation alleged in Count IV does not satisfy federal jurisdictional requirements. *In re FDCPA Mailing Vendor Cases*, 21cv2312 et al., 2021 U.S. Dist. LEXIS 139848, 2021 WL 3160794 (E.D.N.Y., July 23, 2021); *Bush v. Optio Sols., LLC,* 21cv1880, 2021 U.S. Dist. LEXIS 140835, 2021 WL 3201359 (E.D.N.Y., July 28, 2021).

*TransUnion v. Ramirez* does not directly address the issue; while the Court indicated in a footnote that dissemination of information among an entity and its agents may not be sufficient, it was discussing the concept of "publication" in the law of defamation, not the boundaries of the several invasion of privacy torts or the FDCPA. The FDCPA does not use the term "publication," but expressly provides that a debt collector may not "communicate" with any but a limited number of specified persons or entities "in connection with the collection of any debt." 15 U.S.C. §1692c(b). "Communication" is defined in 15 U.S.C. §1692a(2) to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium." There is no reason to equate the defined term "communication" and its variants in the FDCPA with "publication" as that term is used in the law of defamation, particularly since some of the "communications" expressly **permitted** in 15 U.S.C. §1692c(b) – and which are therefore within the defined term "communication" in 15 U.S.C. §1692a(2) – are not considered "publications" in the law of defamation.[1] "Publication" is not required for some privacy torts, most notably intrusion into the

---

[1] A conveying of information to "the consumer" is clearly not a "publication" within the law of defamation; a "publication" must be to a third person, not the person who is defamed.

plaintiff's private affairs.[2]

### C. Defendants' Disagreement as to Whether Federal Jurisdiction Exists Defeats the Unanimity Necessary for Removal and Requires Remand

In any event, the Court need not address the substantive question of whether federal jurisdiction exists. Under 28 U.S.C. §1446(b)(2)(A), unanimity by the Defendants is required for removal: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Because Defendants SN and McCalla disagree with respect to the substantive question of whether federal jurisdiction exists over Count IV, and no one contends that federal jurisdiction exists with respect to Counts I-III, remand is required.

Defendant McCalla's position negates the requisite joinder in or consent to removal. It is not proper for a defendant who disputes that federal jurisdiction actually exists to file a removal petition. *Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 911 (N.D. Ill. 2016); *Black v. Main St. Acquisition Corp.,* 5:11cv577, 2013 U.S. Dist. LEXIS 43219, *3, 2013 WL 1295854 (N.D.N.Y., March 27, 2013). Thus, by taking the position that " plaintiff's claim does not give rise to Article III standing . . . per the multiple Seventh Circuit cases cited in plaintiff's motion (among others)" (Document #:20 Filed: 08/03/21 Page 2 of 5 PageID #:71), Defendant McCalla defeats the unanimity required under 28 U.S.C. §1446(b)(2)(A).

Given this lack of unanimity among the Defendants, and the lack of clarity as to whether federal jurisdiction exists, this case falls within the principle that any doubts as to federal jurisdiction should be resolved in favor of remand to the state court. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).

---

[2] The §1692c violation involves an intrusion by the recipient of Plaintiff's information into Plaintiff's affairs.

-4-

### D. Plaintiff Should Not Be Required To Admit Lack of Actual Damage Without Discovery As to What Was Done With His Information

SN also asserts that "Plaintiff's motion fails to clearly state that they are not seeking actual damages." (Document #: 21 Filed: 08/03/21 Page 2 of 7 PageID #:81) Defendant McCalla asserts that "plaintiff should be required to take a position as to whether he was harmed or not, rather than avoid the issue." (Document #: 20 Filed 08/03/21 Page 2 of 5 PageID #: 71)

The short answer is that the prayer for relief in Count IV clearly seeks statutory damages only. (Document #: 1-1 Filed: 06/17/21 Page 15 of 33 PageID #:19) Plaintiff is not aware of what Defendants did with his information and should not be required to take any position on that issue without discovery.

### III. ATTORNEY'S FEES SHOULD BE AWARDED BECAUSE THERE IS NO REASONABLE BASIS FOR REMOVING A CASE WHERE ONE DEFENDANT OPPOSES THE EXISTENCE OF FEDERAL JURISDICTION

Finally, attorney's fees should be awarded because it is objectively unreasonable to remove a case where one defendant's position is that federal jurisdiction does not exist.

WHEREFORE the reasons stated above and in our motion to remand, Plaintiff requests this Court to remand this matter back to Circuit Court of Cook County, Illinois and to award Plaintiff reasonable attorneys' fees and costs incurred as a result of the removal.

Respectfully submitted,

*/s/ Tara L. Goodwin*
Tara L. Goodwin

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Carly M. Cengher (ARDC 6334371)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

I, **Tara L. Goodwin,** hereby certify that on August 20, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

*/s/ Tara L. Goodwin*
Tara L. Goodwin